IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| KEITH B. KATZ, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|        v. | ) | 1:04cv1240(JCC) |
| | ) | |
| ENTERPRISE SOLUTIONS, INC., | ) | |
| ET AL., | ) | |
| | ) | |
|     Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant

Enterprise Solutions, Inc.'s Motion to Dismiss and Plaintiff

Keith Katz's Motion for Summary Judgment.  For the following

reasons, the Court will deny Defendant's Motion to Dismiss and

partially grant and partially deny Plaintiff's Motion for Summary

Judgment.

**I. Background**

Plaintiff Keith Katz's former employer, Enterprise

Solutions Inc. ("ESI",) provides information technology ("IT")

personnel to third parties.  Katz worked for ESI as a wireless

architect, providing IT-related services on behalf of ESI to

Unisys Corporation.  ESI agreed to pay Katz $75 per hour for his

services.  ESI has not paid Katz the full amount to which he

believes he is entitled.

The parties are in disagreement over the issue of Katz's employment status.  Katz claims that he was employed by ESI from December 14, 2003 to April 30, 2004, under a contract formed in a letter dated December 30, 2003, signed by Johnnie M. Trail, ESI's Vice President for Human Resources (the "New Hire Letter").  Along with the New Hire Letter, Katz received an Independent Contractor Agreement (the "Agreement"), which he signed on January 4, 2004.  Citing the Agreement, ESI argues that Katz was an independent contractor.

Katz brings this action against ESI and its President, Michael L. Goosby.  Count I claims breach of contract against ESI.  Count II claims violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") against ESI and Goosby.  Count III claims unjust enrichment against ESI.  Count IV claims a violation of Va. Code Ann § 40.1-29 and wrongful termination against ESI.

## II. Standard of Review

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Where subject matter jurisdiction is challenged, the factual allegations are assumed true.  *See Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).  If, however, "the motion challenges the actual existence of the Court's subject matter jurisdiction, . . . the Court may 'look beyond the jurisdictional

allegations of the complaint and view whatever evidence has been

submitted on the issue to determine whether in fact subject

matter jurisdiction exists.'"  *Id.* (citing *Capitol Leasing Co. v.*

*FDIC*, 999 F.2d 188, 191 (7th Cir. 1993); *Adams v. Bain*, 697 F.2d

1213, 1219 (4th Cir. 1982); *Ocean Breeze Festival Park, Inc. v.*

*Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994)).  The burden of

proving subject matter jurisdiction is on the plaintiff.  *McNutt*

*v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

In passing on a motion to dismiss, "the material allegations of

the complaint are taken as admitted."  *Jenkins v. McKeithen*, 395

U.S. 411, 421 (1969) (citations omitted).  Moreover, "the

complaint is to be liberally construed in favor of plaintiff."

*Id.*  In addition, a motion to dismiss must be assessed in light

of Rule 8's liberal pleading standards, which require only "a

short and plain statement of the claim showing that the pleader

is entitled to relief."  Fed. R. Civ. P. 8.

        Summary judgment is appropriate when a plaintiff "fails

to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party

will bear the burden of proof at trial."  *Stone v. Liberty Mut.*

*Ins. Co.*, 105 F.3d 188, 190 (4th Cir. 1997)(quoting *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 (1986)). "To prevail on a motion

for summary judgment, a party must demonstrate that: (1) there is

no genuine issue as to any material fact; and (2) it is entitled

to judgment as a matter of law."  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)); *see also* Fed. R. Civ. P. 56(c)*; Evans v. Technologies Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996).

In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991)(citations omitted).  The very existence of a scintilla of evidence or of unsubstantiated conclusory allegations, however, is insufficient to avoid summary judgment.  *Anderson*, 477 U.S. at 248-52.

### III. Analysis

A.  ESI's Motion to Dismiss

ESI argues that the case should be dismissed because the preamble to Section 6 of the Agreement specifies Texas as the appropriate forum for this dispute.  The preamble to Section 6 of the Agreement reads:

> This Agreement will be governed by and construed in
> accordance with the laws of the United States and the
> State of Texas as applied to agreements entered into
> and to be performed entirely within Texas and between
> Texas Residents.

(Def.'s Mem. Supp. Mot. Dismiss, Ex. 1, ¶ 6).  This preamble is actually a choice of law provision that specifies that the Court

should apply Texas law when construing the Agreement.  *See Saliba v. Exxon Corp.*, 865 F. Supp. 306, 310 (W.D. Va., 1994)(finding a clause specifying that an agreement "shall be construed and enforced in accordance with the laws of the State of Texas, as those laws are applied by Texas courts to agreements between Texas residents entered into and to be performed entirely within Texas" to be a choice of law provision.)

There is no provision in the Agreement specifying Texas as the forum for disputes arising under the Agreement. Accordingly, ESI's motion to dismiss will be denied.[1]

B.  Katz's Motion for Summary Judgment

Katz argues that he is entitled to summary judgment on each of the four Counts in his Complaint.

ESI did not respond or object to Katz's discovery requests.[2]  Nor did ESI file a statement of genuine issues controverting any of the undisputed material facts listed by Katz

---

[1] The Agreement also contains an arbitration clause.  *See* Def.'s Mem. Supp. Mot. Dismiss, Ex. 1, ¶ 6.5  However discovery has been completed, trial is scheduled for next week, and no request for a stay pending arbitration has been filed.  Accordingly, the arbitration clause is not relevant at this time.

[2] Katz served his First Request for Admissions upon ESI on February 8, 2005.  Matters are "admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. . . ."

Fed. R. Civ. P. 36(a).

in his brief in support of his motion for summary judgment.[3]

Accordingly, the following are deemed admitted:

1.  Defendant Michael Goosby was the President of ESI througout the period of time in which the allegations in the Complaint occurred;

2.  On or about December 14, 2003, ESI hired Katz as a wireless architect to assist Unisys with a contract that Unisys had with the United States Department of Homeland Security;

3.  The terms of Katz's employment relationship with ESI were set forth in a December 30, 2003 letter from ESI to Katz;

4.  In the New Hire Letter, ESI provided Katz with "new hire information," including a list of documents for Katz to complete for his personnel file with ESI;

5.  Pursuant to the New Hire Letter, Katz's hourly rate was $75 per hour;

6.  ESI treated Katz as an employee;

7.  ESI controlled each aspect of Katz's employment and the conditions upon which Katz was to perform his job duties;

8.  In January 2004, ESI offered Katz the opportunity to participate in ESI's fringe benefits program, which included health insurance as well as other benefits;

9.  ESI offered Katz the opportunity to participate in ESI's direct deposit program;

10. ESI maintained a personnel file for Katz;

11. Katz was not permitted to hire personnel to assist him with performing any services he rendered to or on behalf of ESI;

---

[3] "In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."

Local Rule of Practice 56(B)(E.D. Va. February 15, 2005).

12. Katz could not set his own work schedule and was expected to work on a full-time basis from approximately 9:00 a.m. to 5:00 p.m. each day;

13. Katz could not hire personnel to assist him with performing any services he rendered to or on behalf of ESI;

14. During the time period in which Katz rendered services to ESI or on ESI's behalf, Katz was subject to ESI's non-compete agreement and could not work for any competitor of ESI or provide IT services to another company;

15. Katz was included on ESI's organizational chart;

16. ESI held Katz out as an employee of ESI to entities and persons outside of ESI;

17. In rendering services to ESI or for ESI's benefit, Katz worked full-time work hours (40 hours or more);

18. ESI required that Katz submit time sheets to Denice Golden, ESI's Director of Human Resources, for proper time submission into ESI's payroll system;

19. The timesheets attached as Exhibit 20 to the Complaint and Exhibit 25 to Katz's brief in support of his summary judgment motion are true and correct copies of time sheets submitted by Katz;

20. As illustrated in the timesheets, Katz worked in excess of forty hours for or on behalf of ESI during the weeks ending on December 19, January 9, 16, 23, 30, February 6, 20, 27, March 5, 12, 19, 26, April 2, 9, 16, 23, and 30, 2005;

21. Katz worked a total of 954 hours for ESI from December 14, 2003 to April 30, 2004;

22. To date, ESI has paid Katz $11,200 for services performed by Katz for or on behalf of ESI from December of 2003 through April of 2004;

23. ESI admits that it owes Katz back pay for services rendered for or on behalf of ESI;

24. ESI did not pay Katz for any hours worked by Katz for ESI or on behalf of ESI in excess of forty (40) hours per week;

25.  Katz had to repeatedly complain to Golden and Goosby about ESI's failure to compensate him for the services that he provided for ESI;

26.  Katz inquired of ESI as to the status of pay from hours worked by Katz on behalf of ESI in January, February, March, and April 2004;

27.  On February 25, 2004, ESI reduced Katz's pay from $75 per hour to $50 per hour after Katz complained about not receiving his pay.

28.  After Katz had made several complaints to ESI throughout January, February, March, and April about the company's failure to pay him for his performance of his job duties, ESI terminated Katz on April 30, 2004.

### i.  Count I (Breach of Contract)

Katz takes the position that he entered into an employment contract with ESI, evidenced by the "New Hire Letter." ESI argues that the Agreement superseded[4] any contract formed by the New Hire Letter.  For purposes of Count I, the only real issue arising from this disagreement is whether Virginia or Texas law applies.  If the operative contract is contained in the Agreement, Texas law applies, pursuant to the Agreement's choice of law provision.  *See supra*, part A.  If the contract is formalized in the New Hire Letter, Virginia law applies.[5]

---

[4] Section 6.1 of the Agreement reads:
This Agreement . . .  constitutes the entire agreement between the parties relating to this subject matter and supersedes all prior or simultaneous representations, discussions, negotiations, and agreements, whether written or oral.

(Pl.'s Mem., Ex. 1, ¶ 6.1).

[5]  Under the well-settled rule in *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487 (1941), federal courts must apply the choice of law rules of the forum state in diversity cases.  Absent an express contract provision to the contrary, disputes in Virginia concerning the interpretation of a contract

Under Texas law, the elements for breach of contract are: (1) the existence of a contract; (2) the creation of duties under the contract; (3) breach of a duty by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *See, e.g., Amoco Chemical Co. v. Tex. Tin Corp.*, 925 F. Supp. 1192, 1206 (S.D. Tex. 1996). Under Virginia law, a plaintiff must show: (1) that there was a legally enforceable obligation of a defendant to the plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation. *Filak v. George*, 267 Va. 612, 619 (2004). Given the undisputed facts listed above, it is clear that Katz is entitled to summary judgment on his breach of contract claim whether his claim is governed by Virginia or Texas law. ESI entered into a contract with Katz and agreed to pay him $75 per hour worked. ESI did not pay Katz according to this legally enforceable obligation. Katz suffered injury as a result, in the form of unpaid wages. Accordingly, the Court will grant Katz's Motion for Summary Judgment on Count I.

ESI has paid Katz $11,200 to date. Katz worked a total of 954 hours for ESI from December 14, 2003 to April 30, 2004. At a rate of $75 per hour through February 25, 2004 and $50 per

---

are governed by the law of the place where the contract was made. *C.I.T. Corp. v. Guy,* 195 S.E. 659 (Va. 1938). The contract in this case was made in Virginia.

hour until his termination, Katz should have received $60,400.

This leaves a $49,200 shortfall.  The Court will award damages in

the amount of $49,200 plus interest.  The jury shall determine

the date from which the interest runs.

   ii.   Count II (Violations of the FLSA)

      Title 29 U.S.C. § 215 makes it unlawful for an employer

to violate Section 207 of the FLSA, which provides, *inter alia*,

that:

> [n]o employer shall employ any of his employees . . .
> for a workweek longer than forty hours after the
> expiration of the second year from such date, unless
> such employee receives compensation for his employment
> in excess of the hours above specified at a rate not
> less than one and one-half times the regular rate at
> which he is employed.

29 U.S.C. § 207.  It is undisputed that Katz worked a total of

approximately 190 hours of overtime for ESI.  It is also

undisputed that ESI failed to pay Katz for his overtime, let

alone pay him at a rate of one and one-half times the regular

rate.

      The issue with respect to Count II is whether Katz was

an employee or an independent contractor, not subject to the

provisions of the FLSA.  The definition of "employ" under the

FLSA includes "to suffer or permit to work."  29 U.S.C. § 203(g).

The Supreme Court has recognized this as an extremely broad

definition.  *See United States v. Rosenwasser*, 323 U.S. 360, 362

(1945).  Courts have stressed that the label that the parties

give to their relationship is not controlling.  *See Heath v.*
*Perdue Farms, Inc.*, 87 F. Supp. 2d 452, 457 (D. Md. 2000)(citing
*Real v. Driscoll Strawberry Assoc., Inc.*, 603 F.2d 748, 755 (9th
Cir. 1979)).

The test for determining whether one is an employee for
purposes of the FLSA is the "economic realities" test adopted by
the Supreme Court in *Rutherford Food Corp. v. McComb*, 331 U.S.
722, 730 (1947).  Courts look at the following six factors:

1)   the degree of control which the putative employer
     has over the manner in which the work is
     performed;

2)   the opportunities for profit or loss dependent
     upon the managerial skill of the worker;

3)   the putative employee's investment in equipment or
     material;

4)   the degree of skill required for the work;

5)   the permanence of the working relationship; and

6)   whether the service rendered is an integral part
     of the putative employer's business.

Heath v. Perdue Farms, Inc., 87 F. Supp. 2d 452, 457 (D. Md.,
2000)(citation omitted).

Despite ESI's admissions regarding Katz's work
arrangement with ESI, Katz's status as an employee is not
undisputed.  *(See* Goosby Aff., ESI's Resp., Ex. A).  Though some
portions of Goosman's affidavit must be disregarded because they
contradict facts deemed admitted, additional statements that tend
to support Katz's classification as an independent contractor

remain.  (*See* id. at ¶¶ 3, 10-11, 14).  Accordingly, the Court
will deny Katz's motion for summary judgment on Count II.

### iii.   Count III (unjust enrichment)

Count III is an alternative theory of liability for the
money owed under the contract.  Because the Court will grant
summary judgment for breach of contract, the Court will deny
Katz's motion for summary judgment on Count III.

### iv.   Count IV (Violation of Virginia Code § 40.1-29 and Wrongful Termination)

In Count IV, Katz claims wrongful termination as a
result of Katz's complaints regarding ESI's failure to pay him
his wages.  Virginia continues to adhere to the doctrine of
employment at will.  *Miller v. Wash. Workplace, Inc.*, 298 F.
Supp. 2d 364, 377-378 (E.D. Va. 2004)(Cacheris, J.)(citing
*Lawrence Chrysler Plymouth Corp. v. Brooks*, 251 Va. 94 (Va.
1996)). However, in 1985, the Supreme Court of Virginia created a
narrow exception to the doctrine for common law claims for
wrongful termination where the termination violates a public
policy of the Commonwealth.  See *Bowman v. State Bank of
Keysville*, 331 S.E.2d 797, 801 (Va. 1985).  However, this
exception is "not so broad as to make actionable those discharges
of at-will employees which violate only private rights or
interests." *Storey v. Patient First Corp.*, 207 F. Supp. 2d 431,
450 (E.D. Va. 2002).

Under Virginia's Wage and Payment Act, all employers operating a business must pay its hourly employees at least once every two weeks or twice in each month.  Va. Code Ann. § 40.1-29(A)(1). Any employer who fails to make such payments is liable for the payment of all wages due, plus interest. . . . *Id.* at (G).  Virginia's Wage and Payment Act does not explicitly state that it expresses public policy, but Virginia courts have concluded that an individual's right to compensation implicates a property right that falls within the *Bowman* exception.  *See Miller*, 298 F. Supp. 2d at 379.

With respect to Katz's wrongful discharge claim, although ESI admits that it reduced Katz's pay and subsequently terminated Katz after he complained that he was not receiving his pay, the reason for Katz's termination is an issue in dispute. Goosby states that "[i]n February 2004 . . . Unisys eliminated his position and refused to pay for work done in that role. Because of this, ESI offered to play Katz in another role with Unisys at the TSA site (as a Microsoft Specialist) and informed him that the rate of pay for that role was $50 per hour." (Goosby Aff., ¶ 6, ESI's Resp., Ex. A).  He further states that Katz was later terminated "solely because the role which Katz had filled was no longer needed by Unisys."  (Id., ¶ 6).  There is a dispute of fact as to the reason for Katz's termination.

Accordingly, the Court will deny Katz's motion for summary judgment on his wrongful termination claim.

### IV.   Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss and partially grant and partially deny Plaintiff's Motion for Summary Judgment.  The Court will grant Summary Judgment on Count I.  The jury shall determine the dates on which Katz's unpaid wages became due so that the Court can fix the time at which interest on the wages began to accrue. An appropriate Order will issue.


June 21, 2005                          /s/ James C. Cacheris
Alexandria, Virginia          UNITED STATES DISTRICT COURT JUDGE

14