IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| KEITH B. KATZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:04cv1240(JCC) |
| ) | |
| ENTERPRISE SOLUTIONS, INC., ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff Katz's Motions to Reconsider Summary Judgment Order and to Reconsider Order Staying the Trial of Defendant Michael Goosby. For the following reasons, the Court will deny Plaintiff's Motion to Reconsider its Summary Judgment Order and grant Plaintiff's Motion to Reconsider its Order staying the trial of Defendant Goosby.

### **I.  Background**

On October 18, 2004, Plaintiff Keith Katz filed a four-count Complaint against Defendants Enterprise Solutions, Inc. ("ESI") and its president, Michael Goosby. Katz pled causes of action for breach of contract (Count I), unjust enrichment (Count III), and wrongful termination (Count IV) against ESI. Count II, for failure to pay overtime in violation of the Fair Labor

Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), was pled against both ESI and Goosby.

On May 18, 2005, Plaintiff filed a Motion for Summary Judgment on all claims.  Defendant Goosby did not file a response.  By Order dated June 21, 2005 (the "Summary Judgment Order"), the Court partially granted and partially denied Plaintiff's Motion for Summary Judgment.  With respect to Count II, Plaintiff's Motion was denied.

Trial was scheduled for June 28, 2005.  By Order dated June 27, 2005 (the "Stay Order"), the Court stayed this action based on ESI's filing of a petition for Chapter 7 Bankruptcy.

Plaintiff asks the Court to reconsider the Summary Judgment Order and enter summary judgment in favor of Plaintiff on Count II against Defendant Goosby.  Plaintiff also asks the Court to reconsider the Stay Order staying the trial of Defendant Goosby.

## II.  Standard of Review

Under Federal Rule of Civil Procedure 59, a party may make a motion to alter or amend a court's ruling within ten days after entry of the judgment.  Such a motion is a proper means "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d

284, 290 (4th Cir. 2002)(quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  However, "because of the interests in finality and conservation of judicial resources, Rule 59(e) motions should be granted sparingly."  *Thompson v. Direct Impact Co.*, 63 F. Supp. 2d 721, 724 (E.D. Va. 1998).  Such a motion is not the proper vehicle to obtain reargument on issues already decided.  *Id.*  It is "within the sole discretion of the Court as to whether the granting of a motion to reconsider is appropriate."  *Clark v. Va. Bd. of Bar Examiners*, 861 F. Supp. 512, 518 (E.D. Va. 1994).

### III.  Analysis

A.  The Summary Judgment Order

Plaintiff argues that he is entitled to summary judgment as a matter of law on Count II of his Complaint against Defendant Goosby because Goosby failed to file any response to Plaintiff's Motion for Summary Judgment.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Plaintiff argues that he has established the requisite elements for Defendant Goosby's violation of the FLSA.  However,

3

in addressing Count II in its June 21, 2005 Memorandum Opinion, the Court determined that the question of whether Plaintiff was an employee of ESI is a question of fact that cannot be determined on summary judgment. Accordingly, as the Court previously found, summary judgment on Count II is not appropriate.

B.  The Stay Order

Plaintiff requests that the Court reconsider its Stay Order and allow him to proceed to trial against Goosby on Count II of the Complaint. Goosby has not responded to Plaintiff's Motion.

When ESI filed its petition in bankruptcy under Chapter 7 of the Bankruptcy Code, all proceedings against ESI were automatically stayed in accorded with 11 U.S.C. § 362. The Court stayed the entire case, so as to avoid trying the matter piece-meal.

It is well-established that a court may, in the exercise of its discretion, stay proceedings in an effort to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Such power is not without limitation, however. *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983). "[P]roper use of this authority calls for the exercise of judgment which must weigh

competing interests and maintain an even balance." *Id.* (citations omitted and internal quotations omitted). A party seeking a stay "must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Id.*

ESI argues that it would be greatly prejudiced were the Court to allow Plaintiff to move forward to trial against Goosby in his individual capacity because Goosby is the President of ESI. ESI points out that any statements made at a trial on the merits by Goosby or any other witness could be admitted at a future proceeding against ESI. In addition, in its by-laws, ESI has agreed to indemnify and defend any officer in any suit that arises in connection with his employment or by association with ESI. ESI argues that this potential prejudice outweighs any possible harm to the Plaintiff.

However, the chance of duplicative litigation is slight here. *See Gouker v. Murphy Motor Freight, Inc.*, 84 B.R. 537, 539 (Bankr. N.D. Ind.)("The likelihood of duplicative litigation is slight where, as here, the bankrupt defendant proceeds under Chapter 7 of the Bankruptcy Code"). Should ESI's bankruptcy proceedings be completed and the corporation liquidated, ESI would not suffer from any admissions by Goosby and Goosby would still be in the position of defending against the present litigation unaided by ESI. Katz, on the other hand, is

significantly prejudiced by a stay.  ESI has filed for liquidation under Chapter 7 of the Bankruptcy Code, so the stay could last indefinitely.  Accordingly, the Court finds that the small chance of prejudice to ESI does not outweigh the potential harm to Katz.  The Court will amend its Stay Order to lift the stay with respect to Plaintiff's claim against Defendant Goosby.

### IV.  Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion to Reconsider its Summary Judgment Order and grant Plaintiff's Motion to Reconsider its Order staying the trial of Defendant Goosby.  An appropriate Order will issue.


August _____, 2005                    /s/
Alexandria, Virginia              James C. Cacheris
                           UNITED STATES DISTRICT COURT JUDGE